# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

**David E. Patton**
*Executive Director and Attorney-in-Chief*

**Deirdre D. von Dornum**
*Attorney-in-Charge*

April 28, 2022

**Via Email and ECF**
The Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:     <u>United States v. Frank James</u>, 22-MJ-429 (RLM)

Dear Judge Mann,

      Mr. James has informed us that on April 26, 2022—twelve days after his right to counsel attached—FBI agents entered his cell at MDC Brooklyn, questioned him, took multiple buccal swabs of his DNA, and directed him to sign certain documents. Contrary to standard practice, the government committed this intrusion absent advance notice to counsel, depriving us of an opportunity to be heard or to be present. Neither did the government provide subsequent notice to counsel. The agents did not provide Mr. James with a copy of the warrant or a receipt, in violation of Federal Rule of Criminal Procedure 41(f)(1)(C). Only when we asked, after learning of this from our client, did the government provide a copy of only the search warrant. Ex. A. The government did not provide the underlying affidavit or any explanation for the deviation from standard procedure by failing to provide notice to counsel and an opportunity to be present.

      Mr. James's right to counsel attached when the Court appointed counsel on April 13, 2022. *Rothgery v. Gillespie County, Tex.*, 554 U.S. 191, 194 (2008). The Sixth Amendment guarantees the right to the effective assistance of counsel at all "critical stages" of the criminal proceedings, including interrogation by government agents once the proceedings have been initiated. *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). Interrogation of a defendant without defense counsel present after the filing of formal charges "contravenes the basic dictates of fairness in the conduct of criminal causes and the fundamental rights of persons charged with crime." *See Massiah v. United States*, 377 U.S. 201, 205 (1964) (internal quotations omitted).

      It is the standard practice in this District that when the government obtains a search warrant for buccal swabs from a represented, post-arraignment defendant, the government informs counsel of same before its execution, and offers an opportunity to be present. This serves as a safeguard to protect the rights of represented defendants. Here, because the government failed to provide notice to counsel before questioning and searching Mr. James, their practice risked violations of Mr. James's core constitutional rights under the Fourth, Fifth and Sixth Amendments.

Using a swab on a person's inner cheek in order to obtain DNA evidence is a search, subject to constitutional scrutiny. *Maryland v. King*, 569 U.S. 435, 446 (2013). Though many understate the nature and extent of the encroachment when a person is subjected to swabbing for DNA, such a procedure is an "intrusio[n] into the human body" and amounts to "an invasion of cherished personal security." *Id*. (citations omitted). The FBI took these samples well outside the booking process; Mr. James had been booked for thirteen days. *King*, 569 U.S. at 465. Any search warrant issued here may have been unreasonable, where the same agents had already taken Mr. James's DNA on April 13, 2022. And by depriving counsel of the ability to be present to witness the procedure, as occurs routinely, they lessened Mr. James's ability to later challenge the validity of the physical taking of the sample.

So that we may file a suppression motion seeking the appropriate relief for these potential constitutional violations, we seek an Order from this Court that the government provide undersigned counsel with the underlying affidavit upon which this search warrant was issued, any and all documents signed by Mr. James, and the sum and substance of any statements made by him on April 26, 2022. Fed. R. Crim. P. 16(a)(1)(A).

        Respectfully Submitted,

        /s/
        Mia Eisner-Grynberg
        Deirdre D. von Dornum
        Attorneys for Mr. James
        (718) 330-1257

cc:    AUSA Sara K. Winik (by email and ECF)
       AUSA Ellen Sise (by email and ECF)
       AUSA Ian Richardson (by email and ECF)

# **EXHIBIT A**

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 22-MJ-457
THE PERSON KNOWN AND DESCRIBED AS FRANK )
JAMES (DOB: 08/08/1959) (INMATE NUMBER 83999-053) )
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the    Eastern    District of    New York   
*(identify the person or describe the property to be searched and give its location)*:

THE PERSON KNOWN AND DESCRIBED AS FRANK JAMES (DOB: 08/08/1959) (INMATE NUMBER 83999-053)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Buccal Swabs for DNA samples.

**YOU ARE COMMANDED** to execute this warrant on or before    May 6, 2022    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    the Duty Magistrate Judge   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    4/22/22 at 2:20 p.m.    *Lois Bloom*
                                                                                    *Judge's signature*

City and state:    Brooklyn, New York    Hon. Lois Bloom     U.S.M.J.
                                                                                                            *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: <br> 22-MJ-457 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

*Executing officer's signature*

*Printed name and title*