

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMP/CRH/AAS:ICR/SKW/EHS                    *271 Cadman Plaza East*
F. #2022R00326                             *Brooklyn, New York 11201*


April 28, 2022


By E-Mail and ECF

The Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Frank James
               Magistrate Docket No. 22-429

Dear Judge Mann:

The government respectfully submits this letter pursuant to the Court's April 28, 2022 Order directing a response to the defendant's letter motion dated April 28, 2022 (ECF No. 10) (the "April 28 Motion"). The defendant moves for an order compelling the disclosure of (1) the underlying affidavit upon which the DNA buccal swab search warrant was issued; (2) all documents signed by the defendant; and (3) the sum and substance of any statements made by him on April 26, 2022. (April 28 Motion at 2.) Contrary to the defendant's hyperbole, his DNA was obtained pursuant to a judicially authorized search warrant and no violations of any of the defendant's constitutional rights occurred in the execution of the warrant.

As to the first request, the defendant already has access to the search warrant affidavit. The affidavit in support of the search warrant for DNA buccal swab samples was filed publicly with the redactions required by Rule 49.1 on April 22, 2022—the day the application was made to Magistrate Judge Bloom—and is accessible to defense counsel and the public on ECF. See Docket No. 22-MJ-457 (LB) (E.D.N.Y. Apr. 22, 2022). Thus, this request is moot. The government attaches the affidavit hereto for the Court's convenience. See Exhibit A.

With regard to the second and third requests, the defendant's claims about eliciting statements from the defendant are inaccurate. It is the government's understanding that in the brief period required to take the buccal swab samples, the defendant was not questioned by and made no relevant statements to the law enforcement officers who executed the search warrant. The executing law enforcement officers also did not direct the defendant to sign any documents. Thus, the government obtained no relevant statements during the execution of the

search warrant that would be subject to disclosure under Rule 16(a)(1)(A). Accordingly, these requests are moot.

In any event, Rule 16 does not entitle the defendant to pre-indictment discovery. See, e.g., In re Possible Violations of 18 U.S.C. §§ 201, 371, 491 F. Supp. 211, 214 (D.D.C. 1980) ("Rule 16(a)(1)(A) applies only to defendants; it governs discovery of evidence after the return of an indictment; it is available to Congressman Kelly only if he should be indicted by a grand jury."); see also In re Search Warrants Executed on Apr. 28, 2021, No. 21-MC-425 (JPO), 2021 WL 2188150, at *3 (S.D.N.Y. May 28, 2021) ("Giuliani requests that the Court unseal the affidavits submitted in support of the 2019 and 2021 warrants so he can challenge their legality. But he is not entitled to a preview of the Government's evidence in an ongoing investigation before he has been charged with a crime."). Thus, the defendant's requests are also premature as a matter of law.

Should the defendant wish to file a motion to suppress evidence, he may do so after he is indicted, and the government will respond to the defendant's concerns regarding the reasonableness of the warrant's execution at that time. See In re Search Warrants, 2021 WL 2188150, at *3 ("If Giuliani is charged with a crime, of course, he will be entitled to production of the search warrant affidavits as part of discovery pursuant to Federal Rule of Criminal Procedure 16. He will also be able to file motions challenging the warrants under Rule 12. But such disclosure is premature at the present stage."). Any such motion should be presented to a district judge with jurisdiction to decide it. See 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to suppress evidence in a criminal case . . . .").

For the foregoing reasons, the defendant's motion should be denied.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/ _____
       Ian C. Richardson
       Sara K. Winik
       Ellen H. Sise
       Assistant U.S. Attorneys
       (718) 254-7000

cc:    Clerk of Court (RLM) (by ECF)
       Ms. Mia Eisner-Grynberg, Esq. (Counsel for the defendant) (by ECF)

2