DMP:ICR/SKW/EHS
F. #2022R00326

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

FRANK JAMES,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 1:22-cr-00214 (WFK)(LB)
(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d)(1), 981(a)(1)(C), 981(a)(1)(G), 1992(a)(7), 1992(a)(10), 1992(b)(1), 1992(c)(1), 1992(c)(2) and 3551 et seq.; T. 21, U.S.C., § 853(p); and T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Terrorist Attack and Other Violence Against a Mass Transportation System and Vehicle Carrying Passengers and Employees)

      1. On or about April 12, 2022, within the Eastern District of New York and elsewhere, the defendant FRANK JAMES did knowingly and without lawful authority and permission commit and attempt to commit an act, including the use of a dangerous weapon, with the intent to cause death and serious bodily injury to one or more persons on a garage, terminal, structure, track, electromagnetic guideway, supply, and facility used in the operation of, and in support of the operation of, a mass transportation vehicle, which mass transportation vehicle was carrying one or more passengers and employees at the time of the offense, to wit: JAMES discharged a firearm at passengers on a Metropolitan Transportation Authority subway car, which was located on a subway track and in a structure and facility used in the operation of the subway system, and the conduct required for the offense was engaged in, on, against and affecting a mass transportation provider engaged in interstate and foreign commerce, and



JAMES traveled across a state line in order to commit the offense and transported materials across a state line in aid of the commission of the offense.

(Title 18, United States Code, Sections 1992(a)(7), 1992(a)(10), 1992(b)(1), 1992(c)(1), 1992(c)(2) and 3551 et seq.)

## COUNT TWO
(Discharging a Firearm During a Crime of Violence)

2. On or about April 12, 2022, within the Eastern District of New York and elsewhere, the defendant FRANK JAMES did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count One, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

3. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of all assets, foreign or domestic, (i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5))

3

against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; or (iv) of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism (as defined in Title 18, United States Code, Section 2331) against any international organization (as defined in Title 22, United States Code, Section 4309(b)) or against any foreign Government, including but not limited to: one nine millimeter Glock 17 pistol with serial number KBR155, seized in Brooklyn, New York on or about April 12, 2022.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C) and 981(a)(1)(G); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWO

5. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924, including but not limited to: one nine millimeter Glock 17 pistol with serial number KBR155, seized in Brooklyn, New York on or about April 12, 2022.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

5

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2022R00326

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

FRANK JAMES,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d)(1), 981(a)(1)(C), 981(a)(1)(G), 1992(a)(7), 1992(a)(10), 1992(b)(1), 1992(c)(1), 1992(c)(2) and 3551 et seq.; T. 21, U.S.C., § 853(p); and T. 28, U.S.C., § 2461(c))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day.*

*of* _____ *A.D. 20*_____

_____

*Clerk*

*Bail, $* _____

*Ian C. Richardson, Sara K. Winik, and Ellen H. Sise,
Assistant U.S. Attorneys (718) 254-7000*

# INFORMATION SHEET

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

1. Title of Case: <u>United States v. Frank James</u>

2. Related Magistrate Docket Number(s): <u>22-mj-429</u>

3. Arrest Date: <u>4/13/2022</u>     1:22-cr-00214 (WFK)(LB)

4. Nature of offense(s):  ☒ Felony
                          ☐ Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3.2 of the Local E.D.N.Y. Division of Business Rules):

6. Projected Length of Trial:  Less than 6 weeks  ☒
                                More than 6 weeks  ☐

7. County in which crime was allegedly committed: <u>Kings</u>
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Was any aspect of the investigation, inquiry and prosecution giving rise to the case pending or initiated before March 10, 2012.[1]     ☐ Yes  ☒ No

9. Has this indictment/information been ordered sealed?     ☐ Yes  ☒ No

10. Have arrest warrants been ordered?     ☐ Yes  ☒ No

11. Is there a capital count included in the indictment?  ☐ Yes  ☒ No

BREON PEACE
UNITED STATES ATTORNEY

By:    s/
       Ian C. Richardson
       Sara K. Winik
       Ellen H. Sise
       Assistant U.S. Attorney
       (718) 254-7000

---

[1] Judge Brodie will not accept cases that were initiated before March 10, 2012.

Rev. 10/04/12