**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

*David Patton*
Executive Director and
Attorney-in-Chief

*Deirdre D. von Dornum*
Attorney-in-Charge

June 3, 2022

**Via Email and ECF**
Ian C. Richardson, Esq.
Ellen H. Sise, Esq.
Sara K. Winik, Esq.
Assistant United States Attorneys
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re:   **United States v. Frank James, 22-CR-214 (WFK)**

Dear AUSAs Richardson, Sise, and Winik,

Please accept this letter in lieu of a formal motion for discovery. Each request is of a continuing nature, and we request prompt notice in the event that responsive information comes to the government's attention at any point in the future. If the requested material exists, but the government declines to provide it based on a theory that it is not discoverable, please advise us of the nature of the government's objection so that we might timely file appropriate motions.

In accordance with the Federal Rules of Criminal Procedure 16, 7(f), and 12(b)(4)(B), and Federal Rules of Evidence, Rules 104, 403, 404, 608, and 609, we request the following specific documents and information:

**Statements of the Defendant**

Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(A) and (B) please provide:

1. All written or recorded statements made by the defendant, at any time and in any context, regardless of the government's intentions with respect to their use at trial. This request includes, but is not limited to, any and all electronic and telephonic recordings made while Mr. James was in local, state, or federal custody. We also specifically request any and all recordings made by Mr. James on social media that are in the government's possession.

2. All records, reports, memoranda, notes, or other writings which contain the substance of any oral statement made by the defendant to government or state or federal law enforcement authorities, regardless of the government's intentions with respect to the statement's

use at trial. *See* Rule 16(a)(1)(A), Fed. R. Crim. P. This request includes internal reports and memoranda prepared by state or federal law enforcement agents to the extent that statements of the defendant are related or described. It also includes statements made by the defendant prior to or following a recorded interview, and prior to his arrest, such as, upon information and belief, his calls to 911 or the NYPD Crime Stoppers tip line. Where a defendant's statement is contained in more than one writing, please provide each such writing.

      3.      The substance of all oral statements made by the defendant to government or law enforcement authorities, federal or state, which have not been previously disclosed or disclosed pursuant to Requests 1) and 2) above and which the government may use at trial. *See* Rule 16(a)(1)(A), Fed. R. Crim. P.  This request includes not only statements that the government intends to introduce at trial, but also statements that the government may use for impeachment or other purposes.

      4.      Please state whether any statements were obtained through the use of electronic surveillance, and if so, provide copies of any and all warrants for such surveillance, sealing orders, logs, supporting affidavits and reports of returns on the warrants connected with this case, and whether or not any arrests, seizures, or electronic surveillances were made as a result of the applications.

      5.      The substance of all statements and expressive conduct of the defendant in response to all *Miranda* warnings given to him, as well as all statements or questions concerning Fifth or Sixth Amendment rights. *See United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982).

      6.      All recorded testimony of the defendant or of any person authorized to legally bind the defendant or to make admissions on the defendant's behalf before any grand jury.

      7.      With respect to the government's due diligence obligation, please provide the name and whereabouts of any government agent or witness who has had contact with the defendant but who has not been interviewed to determine whether the defendant made statements in his or her presence. This includes, but is not limited to, those law enforcement officers who have taken buccal swabs from Mr. James, whether before or during his pretrial confinement at MDC Brooklyn.

**Co-Conspirators**

      8.      Please supply the names and addresses of all alleged co-conspirators known to the government but not charged in the indictment. *United States v. Ramirez*, 602 F.Supp. 783, 793 (S.D.N.Y. 1985); *United States v. Chovanec*, 467 F. Supp. 41, 46 (S.D.N.Y. 1979); *United States v. DeGroote*, 122 F.R.D. 131, 137 (W.D.N.Y. 1988).

      9.      Please provide any written, recorded, or oral statement of co-conspirators, whether or not indicted, made to a public servant engaged in law enforcement activity or to a person then acting under his or her direction or in cooperation with him, which the government intends to offer at trial.

**Criminal Record and Other Crimes, Wrongs or Acts of the Defendant**

Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(D), Federal Rules of Evidence Rules 403, 404, 608, and 609, *United States v. Figueroa*, 618 F.2d 934 (2d Cir. 1980), *United States v. Mohel*, 604 F.2d 748 (2d Cir. 1979), *United States v. Lyles, 593 F.2d 182* (2d Cir. 1979), *United States v. Manafzadeh*, 592 F.2d 81 (2d Cir. 1979), *United States v. O'Connor*, 580 F.2d 38 (2d Cir. 1978), *United States v. DeVaughn*, 579 F.2d 225 (2d Cir. 1978), and *United Sates v. Benedetto*, 571, F.2d 1246 (2d Cir. 1978):

10. Please provide a legible copy of the F.B.I. report, INTERPOL, or N.Y.S.I.I.S. report of the defendant's prior criminal record, if any.

11. Please describe in detail any evidence of uncharged conduct of the defendant which the government intends to introduce at trial pursuant to Federal Rules of Evidence, Rules 404(b), 413, or 414. In addition, please include any allegations of misconduct which the government may seek to use for impeachment or other purposes at trial.

12. Please provide in detail any evidence of Mr. James's affiliation with any group or adherence to any particular ideology that the government intends to introduce at trial or rely on at any sentencing procedure.

**Documents and Tangible Documents**

Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(E) and 12(b)(4)(B), and *Payton v. New York*, 445 U.S. 573 (1980), *Mincey v. Arizona*, 437 U.S. 385 (1978), *Manson v. Brathwaite*, 432 U.S. 98 (1977), *Chimel v. California*, 395 U.S. 752 (1969), *Simmons v. United States*, 390 U.S. 377 (1968), and *United States v. Chadwick*, 532 F.2d 773 (1st Cir. 1976), *aff'd* 443 U.S. 1(1977):

13. Copies of all books, papers, documents, photographs, drawings, films, and videotapes which are material to the preparation of the defense or are intended for use at trial or were obtained from or belong to the defendant. This requests includes, but is not limited to all crime scene paperwork, online communications on social media applications, and other internet forums, all video or audio recordings of Mr. James, both prior to, on, and after April 12, 2022, whether by surveillance camera or, for example, by cellular phone or other media, and any records related to Mr. James, including but not limited to MetroCard reports, and vehicle, housing, firearm and ammunition, or related records.

14. Copies of any and all police radio communications, including 911 calls, radio runs, SPRINT reports, and ICADs.

15. Please provide a description of all tangible objects, buildings, or places which are material to the preparation of the defense, or which are intended for use at trial, or which were obtained from or belong to the defendant. I request access to the original objects at the appropriate time.

3

16.     If any evidence was taken from and/or belongs to the defendant, state whether it was taken pursuant to a warrant, and if so, please attach copies of all such warrants, supporting affidavits and reports of returns on all such warrants and provide the names of any officers involved, and the date, time and exact location of any such seizures.

17.     If any evidence obtained was taken from or belongs to the defendant and was not taken pursuant to a warrant, please provide the names of any officers involved the date, time, and exact location of any such evidence seized, and state the exact location of where each item was seized.

18.     Please provide a detailed description of any documents, objects or physical evidence relating to this case which have been destroyed, lost, or which are no longer in the custody or control of the government. If the government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action.

**Reports of Examinations and Tests**

Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(F):

19.     Copies of all reports and results of all physical or mental examinations and all scientific experiments or tests which were performed in connection with this case or which are material to the preparation of the defense or intended for use at trial, including but not limited to: past or present medical, psychological, psychiatric, employment and educational records of Mr. James, and any medical or psychological records of any person alleged to have been injured in the incident, ballistics reports and reports regarding any other devices alleged to have been used by Mr. James, reports of forensic testing, including DNA, fingerprint, hair and fiber analysis, and pattern-matching evidence. This request includes, but is not limited to, all examinations made by law enforcement agents, or by a person the prosecutor intends to call as a witness at trial, such as polygraph results and re-creations, reconstructions, or reenactments.

**Expert Testimony**

Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(G):

20.     Please disclose any evidence which the government may present at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence by providing a written report prepared and signed by the witness that includes a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information relied upon in forming such opinions, and the qualifications of the witness. This request includes any and all areas requiring expertise, including, but not limited to interstate commerce; DNA analysis; and pattern-matching analysis.

**Identification**

21.     Please provide a description of any identification procedure employed in this case, including lineups, showups, photo arrays, or the display of Mr. James's person, photograph or

4

image to any witness. Please state the date, time and place of each occurrence and the names of the persons who were present.

22. If any identification procedure has been employed, please provide copies of all photographs and photo arrays as well as all documents or recordings that describe or memorialize the identification procedure(s).

23. If any witness has identified Mr. James because of any identification procedure, please identify the witness and indicate the date the identification occurred, and the degree of certainty expressed by the witness. In addition, please provide in detail any description provided by the witness at any time prior to the identification procedure. *See Neil v. Biggers*, 409 U.S. 188, 199 (1972).

24. If any witness has failed to identify Mr. James after any identification procedure, please identify the witness and indicate the date and circumstances of the identification procedure. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 115 S. Ct. 1555 (1995).

## *Brady* and *Giglio* Material

25. Pursuant to the Constitutional requirements of *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 115 S. Ct. 1555 (1995); *A.B.A. Standards for Criminal Justice*, Prosecution and Defense Function 3-3.11(a) (3d ed. 1993), and Fed. R. Crim. P. 5(f), please provide any exculpatory or favorable evidence or information, or any evidence or statements of anyone which may be favorable to the defendant or which may tend to exonerate him, which is in the possession or control of the government or its agents, or, if unknown, can by due diligence become known or acquired by the government, or its agents, including, but not limited to, the following:

(a) copies of any statement or the substance of any oral statements made by any prospective government witness, or by alleged co-conspirator indicted or unindicted, or a defendant from the related case which is exculpatory of or favorable to the defendant, or which is inconsistent with any fact the government alleges with respect to the charges in the indictment;

(b) copies of any statements or the substance of any oral statements made at any time by the defendant in which he refused to participate in the acts alleged;

(c) copies of any reports of mental illness, drug use, excessive alcoholism, or any medical condition which would affect the ability to observe or remember an observed fact of any prospective government witness or informant; and

(d) reports of any statement by any prospective witness or agent or informant who, having been in a position to observe the defendant in a location relevant to the commission of the alleged crimes, failed at a later date to identify the defendant as the person who was in that location.

26. Any and all documents, information, or other evidence which might tend to impeach the government's witnesses. This includes any and all records and information revealing

prior misconduct attributed to the witness, prior inconsistent statements, and present motivation to falsify, including, but not limited to personnel files, administrative or disciplinary records, rap sheets, and any and all orders, memoranda, and agreements granting the witnesses any form of immunity from criminal prosecution; any and all investigations into the witnesses' conduct which might reasonably provide a motive for the witnesses' testimony; any and all vouchers or receipts reflecting reimbursement or payments made to the witness; and any and all records, memoranda and correspondence between any non-law-enforcement witnesses and law enforcement authorities which might reasonably reflect on the witnesses' motives and relationships with the government. *Giglio v. United States*, 405 U.S. 150, 154-55 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Kiszewski*, 877 F.2d 210, 215-16 (2d Cir. 1989); *A.B.A. Standards for Criminal Justice*, Prosecution and Defense Function 3-3.11(a) (3d ed. 1993).

27. In addition to the above, please provide all documents, books, papers, photographs, tests or experiments, objects, statements of witnesses, and other evidence and information which tends to exculpate Mr. James, or which may be favorable or useful to the defense as to either guilt or punishment, or which tends to affect the weight or credibility of evidence to be presented against Mr. James, including, but not limited to, descriptions of the perpetrator that are inconsistent with Mr. James. This request applies to evidence which is within the possession, custody or control of the government, or which is or could by the exercise of due diligence become known to the government. *Brady v. Maryland*, 373 U.S. 83 (1963).

28. If the government is aware of facts which would constitute *Brady* material but assumes that Mr. James or counsel knows or should know such facts, please verify that counsel is aware of these facts.

**Duty to Preserce and Disclose Discoverable Evidence**

29. The government has an ongoing duty to preserve evidence. *United States v. Grammatikos*, 633 F.2d 1013, 1019 (2d Cir. 1980). Likewise, the duty to disclose under Rule 16(c) and *Brady* and its progeny are continuing, and the requests stated above are therefore continuous, stretching until final disposition of this case.

Thank you for your cooperation. Please do not hesitate to call if you have any questions about the above-requested items.

Very truly yours,

/s/
Mia Eisner-Grynberg, Esq.
Deirdre D. von Dornum, Esq.
Attorneys for Mr. James
(718) 330-1257
