**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

October 6, 2022

**Via Email and ECF**
Ian C. Richardson, Esq.
Ellen H. Sise, Esq.
Sara K. Winik, Esq.
Assistant United States Attorneys
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

  Re: <u>United States v. Frank James, 22-CR-214 (WFK)</u>

Dear AUSAs Richardson, Sise, and Winik,

  We write, pursuant to Paragraph 14 of the Protective Order, to outline concerns with the government's discovery production that have unduly burdened our ability to timely provide our client with the material to which he is entitled. As you know, the Protective Order permits Mr. James to retain at the Metropolitan Detention Center all of his discovery material other than those items marked Sensitive Discovery Material. Protective Order at ¶ 12(c). The government's discovery letters, ECF Nos. 25 and 29, are indexes which purport to list which items have been marked Sensitive Discovery Material. In addition, "any and all Discovery Material reflecting personal identifying information ("PII")…about sensitive potential witnesses listed in Attachment B shall be treated as Sensitive Discovery Material." *Id*. at ¶ 13. Attachment B contains 71 witness names.

  On September 2, 2022, we requested from you a list of those discovery items to which Paragraph 13 is applicable. You replied that you do not have a list. As you know, the government has produced in excess of 15,000 Bates-stamped items in this case, amounting to more than a terabyte of electronically stored information. Because the government did not provide a list of items containing PII, our case investigator—one of only three employed by Federal Defenders of New York, Inc., and under the supervision of undersigned counsel—has had to manually review each of the 15,000 items, one-by-one, in order to determine whether any of the 71 victim names, addresses, or other PII are included. This process has been extraordinarily arduous and time-consuming, limiting our ability to do important case investigation and substantive legal work.

What's more, the Bates-stamping of more than 15,000 discovery items significantly undercounts the extent of the government's production. For example, FJ_0004536-4651, listed in the index as "Reports from the NYPD's Enterprise Case Management System ("ECMS")," spans 115 Bates-numbers. But that folder in fact contains 338 subfolders, and 7,135 individual files, many of which contain hyperlinks to additional files, each of which we have endeavored to review, one-by-one, in our search for victim's PII, in order to comply with Paragraph 13.

As flagged to you by email, this process is extremely inefficient, and despite our best-faith efforts, we cannot be certain that we have captured each instance of PII. For example, Paragraph 13 bars the sharing with Mr. James of the "likeness" of any victim-witness. But you have not provided us with images of those witnesses, and have provided us with hundreds of video files that are not otherwise deemed sensitive. *See, e.g.*, FJ_0004551 (containing 95 separate video files). By way of example, you have not flagged as sensitive FJ_0013470, which is labeled "FBI reports and attachments." The item opens to an email file. Attached to that email file is a video file. The video file appears to show victims, but we do not have any way to know if they are Attachment B victims. This item—an attachment to an email—was and could only be identified by clicking on each of the more than 15,000 items, their subfolders, embedded hyperlinks, and attachments, in order to comply with the Protective Order.

Below, we outline categories of issues within the production, and propose a modification to the Protective Order.

**I.      Items Labelled Sensitive Discovery Material**

In accordance with the government's indexes, ECF Nos. 25 and 29, we have isolated all designated Sensitive Discovery Material that cannot be provided to Mr. James. In our manual review of the more than 15,000 items, we have identified several categories of conflicting information, such that we do not know what can or cannot be provided to him.

   A.      Materials Where the Government's Discovery Letter and Electronically Stored Information Conflict with One Another

The following items are not marked sensitive in the government's indexes, but are marked sensitive in their file names, or are stamped sensitive on the documents themselves:

- FJ_0001113
- FJ_0002837
- FJ_0002980-2981
- FJ_0003342-3343
- FJ_0007715
- FJ_0009792-9808[1]
- FJ_0011557

---

[1] Within this subfolder, which is itself labeled sensitive on the hard drive, but not in the index, FJ_0009796 and FJ_0009801 are not individually labelled sensitive. But they appear to be similar in substance to their surrounding files.

Additionally, Bates-numbers FJ_0004116-4232 (MTA records) appear on the hard drive, but do not appear at all in the index. Among them, the following are individually stamped sensitive, but are not listed as sensitive in the index (because they are not in the index at all):

- FJ_0004124
- FJ_0004142
- FJ_0004160-4188
- FJ_0004190-4223
- FJ_0004226-4232

Likewise, FJ_0004348 is marked sensitive on the hard drive, but does not appear in the index, as address in Section IB, below.

For all items described in Section IA, please inform us whether the index or the electronically stored information is correct.

B.   Apparent Typographical Errors

The following entries in the indexes conflict with the electronically stored information, but appear to be typographical errors. So that we can correctly identify discovery items, and know which are sensitive, please confirm the following:

- The index describes FJ_0004438 as NYPD body camera video dated April 12-13, 2022, and is marked as Sensitive Discovery Material. However, on the hard drive, FJ_0004438 is surveillance footage from 9419 5th Avenue, and does not appear to be sensitive in nature. Please confirm that FJ_0004438 should not be marked sensitive. Conversely, FJ_0004348 appears to be NYPD body camera videos, which are marked sensitive in their file name but not listed as sensitive in the index.

- The index describes FJ_0001614-2615 as records from Experian. The corresponding records appear to be FJ_0002614-2615. Please confirm that the index is in error, and that the two-page file is the complete contents of the Experian records.

- The index describes FJ_0014148-14247 as reports from the NYPD Intelligence Division, which have been marked sensitive. The corresponding reports appear to be FJ_0014198-14247. Please confirm that the index is in error: that FJ_0014198-14247 are the full contents of the intelligence files, and that FJ_14148-14197 (which are reports from the NYPD crime scene unit) are not in fact sensitive.

II.   Items Containing Possible Personal Identifying Information ("PII")

The following items are those that we have identified as containing victim PII, though they have not been marked Sensitive Discovery Material by the government. Please confirm that this is a full list of such material, and if not, provide us with additional items that should be so designated. In accordance with the Protective Order, we will not provide these items to Mr. James, and he will only review them in our presence.

3

A. <u>Items Containing True Victim PII</u>

We have manually identified the following items, which specifically reference Attachment B victims' PII, and cannot be meaningfully redacted:

- FJ_0004352-4366
- FJ_0004452-4484
- FJ_0005939-5940
- FJ_0005942-5944
- FJ_0005947-5954
- FJ_0005959-5964
- FJ_0005967-5976
- FJ_0006006-6013
- FJ_0006016-6019
- FJ_0006036-6135
- FJ_0013518

Additionally, we have identified FJ_0013460, FJ_0013464, FJ_0013469, and FJ_0013475-13477, which appear to contain victim PII, but those victims' names do not appear on Attachment B, so again, we do not know whether they may be provided to Mr. James.

B. <u>Items Containing Victim PII That are in the Public Record</u>

FJ_0008147-8192 are the complaint in a victim's lawsuit. The same documents have been filed publicly at *Ilene Steur v. Glock, Inc. and Glock GES.M.B.H.*, at 22-CV-3192 (DG), ECF No. 1. Pursuant to Paragraph 1 of the Protective Order, because FJ_0008147-8192 are publicly available, they may be provided to Mr. James despite containing PII. Please confirm that you agree.

C. <u>Items to Which Mr. James is Entitled that Contain Incidental Victim PII That Can Be Redacted</u>

As described above, a significant number of discovery items produced by the government contain folders, subfolders, hyperlinks, and additional files, which in some cases amount to hundreds of pages or video files within a single Bates-number. In many such cases, victim PII is incidentally present within a file, located within a subfolder, located in a master folder, containing unrelated material. In those cases, we believe that the victim's name can be (but has not yet been) redacted, so that Mr. James may receive otherwise non-sensitive discovery, to which he is entitled.

For example, FJ_0004547 is an item labeled "Latent Print Case File 2022-1209." That item is itself a folder of files, one of which is an HTML file called "index." The HTML "index" file contains "attachment 1655838946347_lps1018c-20.pdf." That attachment opens into a PDF file. The PDF file—a twenty-nine page Latent Print File, which compares friction ridge skin impressions to Mr. James—includes an NYPD complaint report. One of the victim's names appears on page twenty-seven of the PDF file. His name is entirely irrelevant to the latent print

comparison, and can be redacted. This example further illustrates the arduous process of combing through the discovery in the format in which it was provided, in order to hunt for PII.

The following is another representative example. The index lists FJ_0014719-0015324 as "FBI Laboratory Reports." That item is a folder containing two items, one of which is a 593-page document. Within that document is an Office of Chief Medical Examiner DNA report. Among the 593-page document, victims' names appear only on one page (FJ_0014745). The names on this page can be redacted. Mr. James is entitled to the remainder of that document, the laboratory reports in his case, which are non-sensitive in nature.

We believe the following Bates items belong in this category of items to which Mr. James is entitled that can be redacted :

- FJ_0004536-4651 – Reports from the NYPD's Enterprise Case Management System ("ECMS"), which each contain many layers of subfolders and hyperlinked files.
- FJ_0006320-6345 – Question Document Reports
- FJ_0006586-6605, 6621-7305 – Requests for laboratory examination
- FJ_0014156 – NYPD Crime Scene Unit report
- FJ_0014719-15311 – FBI lab reports

Please advise whether you agree that these items can be redacted and provided to Mr. James.

To be sure, the victims' privacy rights must be balanced with Mr. James's constitutional and statutory due process rights to review his discovery and participate meaningfully in his defense. Moving forward, we believe that the government is significantly better placed, and better resourced, to identify and redact, wherever possible, its victims' PII. Accordingly, we respectfully request a modification to the Protective Order, permitting Mr. James to receive discovery containing PII where the victim's name can be redacted, and that it will be the government's responsibility to perform the redactions.

Thank you for your consideration.

Sincerely,

/s/

Mia Eisner-Grynberg, Esq.
Deirdre D. von Dornum, Esq.
Amanda James, Esq.
Attorneys for Mr. James
(718) 330-1257